UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ, | No. 2:12-cv-2688 CKD P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on October 31, 2012. (ECF No. 1.) On July 19, 2013, the complaint was screened and service ordered on five defendants. (ECF No. 12.) On February 7, 2014, defendants filed a motion to dismiss the claims against them. (ECF No. 17.) Plaintiff has yet to respond to the motion, but has sought two extensions of time to do so; those requests are pending. (ECF Nos. 19, 20.)

On April 7, 2014, the Senior Judge previously assigned to this case issued an order vacating the July 19, 2013 screening order.[1] Also on that day, this action was reassigned to the

---

[1] In that screening order, the court determined that the instant complaint was "derived from [plaintiff's] prior suit, Rodriguez v. Schwarzenegger, No. 07-3531 ATG (E.D. Cal.)[.]" Several

1

undersigned. As the screening order defining the scope of this action has been vacated, the undersigned will dismiss as moot all pending motions and proceed to re-screen the complaint.

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

---

causes of action were dismissed because they "lack[ed] a nexus to the 'primary events' . . . [plaintiff] described in the prior suit." (ECF No. 12 at 1, 3.)

1  U.S. 232, 236 (1974).

2  Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See
3  Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the
4  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
5  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only
6  "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever
7  v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action
8  are present, but are scattered throughout the complaint and are not organized into a "short and
9  plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v.
10 Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

11 Here, plaintiff's 37-page complaint alleges a variety of misdeeds by numerous defendants
12 over the course of a three-year period, 2005 through 2008.  His claims cover a wide range of
13 alleged violations of constitutional and/or statutory law, including unlawful retaliation, excessive
14 force, failure to protect, and violation of his rights to due process and equal protection of the law.
15 Many of these claims appear to be unrelated to one another, and it is unduly burdensome to
16 determine which, if any, state a cognizable claim pursuant to §1983.  This complaint illustrates
17 the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity,
18 conciseness and clarity" which "fail to perform the essential functions of a complaint."
19 McHenry, 84 F.3d at 1179-80.

20 A major flaw of the complaint is that it attempts to bring numerous unrelated claims in a
21 single action.  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original
22 claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
23 alternate claims, as many claims, legal, equitable, or maritime as the party has against an
24 opposing party."  "Thus multiple claims against a single party are fine, but Claim A against
25 Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith,
26 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in
27 different suits[.]"  Id.
28 /////

3

1    Plaintiff's complaint will be dismissed and he will be granted leave to file an amended
2 complaint within 30 days of service of this order. In an amended complaint plaintiff should not
3 raise many unrelated claims, but rather focus on a few specific claims and describe the actions of
4 the individual defendants.

5    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
6 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
7 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how
8 each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there
9 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
10 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
11 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
12 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
13 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
15 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
16 complaint be complete in itself without reference to any prior pleading. This is because, as a
17 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
18 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
19 longer serves any function in the case. Therefore, in an amended complaint, as in an original
20 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

21    In accordance with the above, IT IS HEREBY ORDERED that:

22    1. All pending motions (ECF Nos. 17, 18, and 20) are dismissed as moot in light of the
23 April 7, 2014 order;

24    2. Plaintiff's complaint is dismissed; and

25    3. Plaintiff is granted thirty days from the date of service of this order to file an amended
26 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
27 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
28 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

4

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 5, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rodr2688.ord