UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. RODRIGUEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>             Defendants. | No.  2:12-cv-2688 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. On May 5, 2014, plaintiff's complaint was dismissed for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff was granted leave to amend. (ECF No. 25.) Before the court is plaintiff's First Amended Complaint ("FAC"), filed July 8, 2014. (ECF No. 30.)

In screening the FAC pursuant to 28 U.S.C. § 1915A(a), the undersigned finds that it fails to cure the defects of the previous complaint. In his sixty-eight pages of allegations and exhibits, plaintiff names dozens of defendants and a wide range of wrongful acts, including unlawful retaliation, failure to protect, and violation of his rights to due process and equal protection of the law. As a subset of named defendants point out in their recently-filed motion to dismiss:

> Many of the allegations and exhibits seem to refer to unrelated disputes – some between Plaintiff and other inmates and not involving any of the Defendants.  Many of the allegations are

1

>  redundant.  Many of the allegations of wrongdoing identify only "Defendants," rather than identifying which particular Defendant engaged in the alleged wrongdoing.  It is difficult in places to sort out who Plaintiff claims did what.  In short, Plaintiff's Amended Complaint is prolix and confusing[.] . . . It places an unreasonable burden on Defendants and on the Court to determine what is being alleged and what is a proper defense.

(ECF No. 31-1 at 5.)

Thus the FAC fails to comply with the Rule 8 pleading requirements.  As the court concludes that further leave to amend would be futile, it will recommend dismissal of this action with prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal of complaint with prejudice for failure to comply with a court's order to amend the complaint to comply with Rule 8); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) (complaint which fails to comply with Rule 8 maybe dismissed with prejudice pursuant to Rule 41(b)).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The First Amended Complaint (ECF No. 30) be dismissed with prejudice; and

2. Defendants' motion to dismiss (ECF No. 31) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rodr2688.fac_fr

2