1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS V. RODRIGUEZ,                          No.  2:12-cv-02688 MCE CKD (P)

12                  Plaintiff,

13        v.                                     **ORDER**

14   STATE OF CALIFORNIA, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, sought relief

18   through the present action pursuant to 42 U.S.C. § 1983.  Plaintiff's First Amended

19   Complaint ("FAC") named dozens of defendants and cited a wide range of wrongful acts,

20   including unlawful retaliation, failure to protect, and violations of his rights to due process

21   and equal protection of the law.  After the Court dismissed Plaintiff's original complaint

22   for failure to comply with the pleading requirements of Federal Rule of Civil Procedure

23   8,[1] Plaintiff filed his FAC on July 8, 2014.  ECF No. 30.  Defendants moved to dismiss

24   the FAC, and by Findings and Recommendation issued on August 4, 2014, the assigned

25   Magistrate Judge recommended dismissing the action once again since the FAC had

26   failed to cure the defects of Plaintiff's previous pleading.  Those Findings and

27   _____

28        [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
     otherwise noted.

                                            1

1    Recommendations were adopted in full by the undersigned on February 23, 2015, and

2    Plaintiff's lawsuit was dismissed with prejudice since any further leave to amend was

3    deemed futile.  ECF No. 47.  Judgment was accordingly entered in Defendants' behalf

4    that same day.  ECF No. 48.

5           Plaintiff subsequently filed a "Motion for Reconsideration and to Vacate the Order

6    of Dismissal" more than a month later, on April 6, 2015.  ECF No. 50.  That Motion,

7    which Plaintiff premises on Rule 59(e) and 60(b), is now before the Court

8           A motion for reconsideration may properly be brought under either Rule 59(e) or

9    60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  Because the present motion

10   is brought well over the twenty-eight days following judgment prescribed by Rule 59, it

11   must be analyzed under Rule 60(b).

12          Under Rule 60(b), this Court may provide relief from a final judgment if Plaintiff

13   can show, inter alia:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

14   discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party;

15   or (4) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); United Nat. Ins. Co. v.

16   Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).  Success on such a motion

17   "requires a finding of extraordinary circumstances."  Republic Ins. Co. v. Frias, 972 F.2d

18   1341, 1341 (9th Cir. 1992).  A court should be loathe to revisit its own decisions unless a

19   decision is clearly erroneous or would work a manifest injustice.  Christianson v. Colt

20   Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law

21   of the case doctrine, under which a "court is generally precluded from reconsidering an

22   issue that has already been decided by the same court, or a higher court in the identical

23   case.  United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v.

24   Bible, 983 F.2d 152, 154 (9th Cir. 1993)).

25          Additionally, Local Rule 230(j)(3) requires a party filing a motion for

26   reconsideration to show the "new or different facts or circumstances claimed to exist

27   which did not exist or were not shown upon such prior motion, or what other grounds

28   exist for the motion."

While Plaintiff's ten-page handwritten Motion continues to allege numerous instances of misconduct on the part of prison officials, Plaintiff does not argue that any of that alleged misconduct qualifies for relief under the provisions of Rule 60(b) as enumerated above.  He has shown no different facts or circumstances which did not exist at the time of the prior motion, or identified any finding of extraordinary circumstances meriting relief under Rule 60(b).  The Court's February 23, 2015 Order dismissing the FAC was neither clearly erroneous nor manifestly unfair.  Moreover, while Plaintiff generally asserts that the misconduct he alleges is intended to obstruct his litigation, he fails to specify any particular way his litigation has been affected in that regard.   Plaintiff's Motion for Reconsideration and to Vacate the Order of Dismissal (ECF No. 50) is accordingly DENIED.

IT IS SO ORDERED.

Dated:  May 19, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT